**CV19-5317**  **ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

DeARCY HALL, J.

ANTHONY RIGGINS

against-

INTERFAITH MEDICAL CENTER

**Civil Complaint for Fair Labor Standard Act Violation**

LEVY, M.J.

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial: Yes
*(check one)*

RECEIVED SEP 18 2019 PRO SE OFFICE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Anthony Riggins |
| Street Address | 144-12 181st Place |
| City and County | Springfield Gardens, Queens County |
| State and Zip Code | New York, 11413 |
| Telephone Number | (929) 368-8943 |
| E-mail Address | Anthonyriggins005@gmail.com |

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Interfaith Medical Center |
| Job or Title | |
| Street Address | 1545 Atlantic Avenue |
| City and County | Brooklyn, Kings County |
| State and Zip Code | New York, 11213 |
| Telephone Number | (718) 613-4000 |
| E-mail Address | |

Defendant No. 2

| | |
|---|---|
| Name | Deborah Mitchell |
| Job or Title | Program Manager |
| Street Address | 1545 Atlantic Avenue |
| City and County | Brooklyn, Kings County |
| State and Zip Code | New York, 11213 |
| Telephone Number | (718) 613-4000 |
| E-mail Address | |

C.  **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

|  |  |
|---|---|
| Name | INTERFAITH MEDICAL CENTER |
| Street Address | 1545 Atlantic Avenue |
| City and County | Brooklyn, Kings County |
| State and Zip Code | New York, 11213 |
| Telephone Number | (718) 613-4000 |

II.  **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

    x    Other federal law *(specify the federal law)*:

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district,

Defendants maintain their corporate headquarters and offices within this district, and Plaintiff reside in this district

    x    Relevant state law *(specify, if known)*:

New York State Labor Law

    x    Relevant city or county law *(specify, if known)*:

New York City Labor Law

III.  **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places

of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

    x    Other acts *(specify)*:

Violation of Wage Statement Provision:

    a. Violation of Overtime Provision under FLSA;

    b. Violation of Minimum Wage under FLSA.

Under New York State Labor Law:

    c. Violation of Timely Payment Provision;

    d. Violation of Wage Statement Provision;

    e. Violation of Spread of Hours Wage Order;

    f. Violation of Overtime Provision;

    g. Violation of Notice and Recordkeeping;

    h. Violation of Minimum Wage Act.

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

March 2017 to July 2018

C. I believe that defendant(s) *(check one)*:

Are still committing these acts against me.

D. The facts of my case are as follows. Attach additional pages if needed.

Please See Attached.

---

**IV.** **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants by:

Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA Class members; Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and FLSA Class members; Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages; Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA Class members; Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

Awarding Plaintiff and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b); Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff;

(k) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff;

(l) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or

5

credits taken against wages;

(m) Declaring that Defendants' violations of the New York Labor Law and spread of hours wage order was willful as to Plaintiff and the FLSA Class members;

(n) Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q) Awarding Plaintiffs and the FLSA Class members pre-judgment and post judgment interest as applicable;

(r) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by a jury.

### VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the

complaint otherwise complies with the requirements of Rule 11.

A.  **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: September 15, 2019.

Signature of Plaintiff   */s/ Anthony Riggins*

Printed Name of Plaintiff   ANTHONY RIGGINS

# PARTIES

## *Plaintiff*

1. Plaintiff Anthony Riggins ("Plaintiff Riggins" or "Mr. Riggins") is an adult individual residing in Queens County, New York.
2. Plaintiff Riggins was employed as a Patient Navigator-Primary Care Clinic by Defendant Interfaith Medical Center from approximately March 6, 2017 to July 31, 2018.

## *Defendants*

3. At all relevant times, Defendants own, operate, or control a Medical Center, located at 1545 Atlantic Avenue, Brooklyn, NY 11213 under the name "Interfaith Medical Center".
4. Upon information and belief, Interfaith Medical Center (d/b/a Interfaith Medical Center) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1545 Atlantic Avenue, Brooklyn, NY 11213.
5. Defendant Deborah Mitchell is an individual engaging (or who has engaged) in business in this judicial district during the relevant time period. Defendant Deborah Mitchell is sued individually in her capacity as Program Manager, officer, owner and/or agent of Defendant Corporation. Defendant Deborah Mitchell possesses operational control over Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Riggins, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

# FACTUAL ALLEGATIONS
## *Defendants Constitute Joint Employers*

6. Defendants operate a Medical center located in Brooklyn, New York.
7. Individual Defendant, Deborah Mitchell, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.
8. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.
9. Each Defendant possessed substantial control over Plaintiff Riggins (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Riggins and all similarly situated individuals, referred to herein.
10. Defendants jointly employed Plaintiff Riggins (and other similarly situated employees) and are Plaintiff Riggins (and other similarly situated employees) employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.
11. In the alternative, Defendants constitute a single employer of Plaintiff Riggins and/or similarly situated individuals.

12. At all relevant times, Defendants were Plaintiff Riggins employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Riggins, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Riggins services.

*Individual Plaintiff*

13. Plaintiff Riggins is a former employee of Defendants who is employed as a Patient Navigator-Primary Care Clinic.
14. Plaintiff Riggins seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Anthony Riggins*

15. Plaintiff Riggins is employed by the Defendants from approximately March 2017 until July 2018.
16. Defendants employed Plaintiff Riggins as a Patient Navigator-Primary Care Clinic.
17. Plaintiff Riggins's work duties required neither discretion nor independent judgment.
18. Throughout his employment with Defendants, Plaintiff Riggins regularly worked in excess of forty (40) hours per week.
19. From Approximately March 2017 until July 2018, Plaintiff Riggins worked as a Patient Navigator- Primary Care Clinic from approximately 7:00 a.m. until on or about 5:30 p.m., Monday through Friday typically 52.5 per week.
20. Throughout his employment, Defendants paid Plaintiff Riggins his wages through check or direct deposit.
21. From approximately March 2018 until July 2018, Defendants paid Plaintiff Riggins his regular hourly pay.
22. Plaintiff Riggins pay did not vary even when he was required to start earlier or work a longer day than his usual schedule.
23. For example, Defendants required Plaintiff Riggins to start work hours earlier or work longer days when there was a shortage of staff and did not pay him overtime pay for the additional time he worked.
24. Defendants utilizes a time tracking device, such as punch cards.
25. Plaintiff Riggins kept track of the hours he worked because it is reflected on his pay stubs under the "hours" column.
26. Plaintiff Riggins kept track of the hours he worked because it is reflected on the emails he sent to Defendants when he worked in the field and was not physically present to punch in with the time tracking device.
27. Notifications in the form of posted notices and written correspondences, was not given to Plaintiff Riggins regarding overtime and wages under the FLSA and NYLL.
28. Defendants did not provide Plaintiff Riggins an accurate statement of wages, as required by NYLL 195(3).

*Defendants' General Employment Practices*

29. At all-time relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Riggins (and all similarly situated employees) to work in excess of 40

hours a week without paying them appropriate overtime compensation as required by federal and state laws.
30. Plaintiff Riggins is a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he is owed for the hours he worked.
31. Defendants habitually require Plaintiff Riggins to work additional hours beyond his regular shifts but did not provide him with any additional compensation.
32. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Riggins (and similarly situated individuals) worked, and to avoid paying Plaintiff Riggins properly for his full hours worked.
33. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.
34. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Riggins and other similarly situated current and former employees.